**Donna WERBER, Appellant,**

v.

**WASHINGTON UNIVERSITY,
Respondent.**

**Nos. ED 75835, ED 75836.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1999.

Susan K. Roach, Chesterfield, for appellant.

Steven J. McMahon, Wilke & Wilke, P.C., Clayton, for respondent.

Before: RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., and JAMES R. DOWD J.

## ORDER

PER CURIAM.

Employee Donna Werber appeals from a Final Award of the Labor and Industrial Relations Commission issued on January 29, 1999, in favor of Employer Washington University. The Commission found Employer's witnesses to be credible and Employee's witnesses to not be credible. It determined that Employee's work was not a substantial factor in causing her bilateral carpal tunnel syndrome or her heel injury. Employee raises four separate points on appeal regarding witness credibility and one point alleging improper admission of evidence.[1]

We have reviewed the briefs of the parties and the record on appeal and find that the Award is supported by substantial and competent evidence and is not against the weight of the evidence. We defer to the Commission on credibility of witnesses and the weight to be accorded their testimony. *Jaycox v. General American Life Ins. Co.,* 992 S.W.2d 240, 244 (Mo.App. E.D.1999). Admission of evidence and making a determination regarding whether a good and sufficient foundation was laid for that evidence is within the Commission's sound discretion. *See, Hayes v. Hudson Foods, Inc.,* 818 S.W.2d 296, 301 (Mo.App. S.D. 1991). An extended opinion reciting detailed facts and restating principles of law would serve no precedential or jurisprudential purpose. We affirm the Award pursuant to Rule 84.16(b).

---

1. We note that Employee's brief failed in several respects to comply with Rule 84.04. Most significantly, it completely failed to include or even to utilize the appropriate standard of review as is required by Rule 84.04(e). Under the applicable standard of review for workers' compensation cases, the Commission is the ultimate trier of fact and judge of witness credibility. We will not substitute our judgment for that of the Commission on such matters even if we would have reached a different conclusion. Rather, our review is limited to making determinations on questions of law and to determining whether the Commission's award is supported by competent and substantial evidence. *See, Sanderson v. Porta–Fab Corp.,* 989 S.W.2d 599, 601 (Mo. App. E.D.1999).