Charles **ROBERSON, et al., Appellants,**

v.

**KMR CONSTRUCTION, LLC, Respondent.**

No. ED 87506.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 12, 2006.

Elbert Dorsey, The Law Offices of Collier, Dorsey & Carter, L.L.C., St. Louis, MO, for appellants.

David Bender, Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., Clayton, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

Appellants Charles Roberson, et. al. (collectively "Roberson"), appeal from the decision of the Circuit Court of the City of St. Louis, the Honorable David L. Dowd presiding, after the trial court entered a judgment in favor of Respondent KMR Construction, LLC ("KMR"), and awarded KMR $12,720 in damages and $13,564 in attorney's fees.

Roberson raises what he has denominated as three points on appeal. However, because we find that Roberson's brief fails to comply with Rule 84.04, we dismiss the appeal.

We note that pursuant to established Missouri law, "[a]ppellate courts are not required to review an appeal on the merits where there are flagrant violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case." *Cole-*

*man v. Gilyard,* 969 S.W.2d 271, 273 (Mo. App. W.D.1998). In this case, Roberson's brief failed to comply with few aspects of Rule 84.04, and thus, we are compelled to dismiss it.

■ Although this Court finds that there are several grounds upon which to dismiss the brief, we begin and end our analysis with Roberson's three Points Relied On.[1] Missouri appellate courts require a Point Relied On to comply with the specific requirements of Rule 84.04(d), and have held that, "[a]n insufficient point relied on, which cannot be understood without resorting to the record or the argument portion of the brief, preserves nothing for appellate review." *Id.* at 274. Furthermore, Missouri appellate courts have held that "[a]n appellant must cite authority in support of his points relied on if the point is one for which precedent is appropriate and available." *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App. E.D.1996). "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *Id.* "If a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned." *Id.*

In this case, Roberson's three Points Relied On are woefully inadequate regarding their compliance with Rule 84.04(d), and thus, we hold that they preserved nothing for appellate review.

■ Roberson's first point reads as follows: "DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN THE JUDGMENT AND ORDER ISSUED ON SEPTEMBER 28, 2005 IN THAT THE FINDINGS WERE CONTRARY TO THE EVIDENCE." Although this point generally referred to the judgment at issue, it failed to identify, pursuant to Rule 84.04(d)(1)(A), the specific "trial court ruling or action" being challenged. We find that such a blanket challenge to the entire judgment, without more specificity, is not sufficient. Furthermore, the point failed to, pursuant to Rule 84.04(d)(1)(B), "state concisely the legal reasons for the appellant's claim of reversible error." Although Roberson suggested that the trial court's judgment and order was "contrary to the evidence," we find this conclusory statement insufficient. Finally, the point failed to, pursuant to Rule 84.04(d)(1)(C), "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Roberson provides no context whatsoever in this Point Relied On. Thus, point one is deemed abandoned and is dismissed.

■ The second point reads as follows: "DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY AWARDING ATTORNEY FEES TO PLAINTIFF IN THAT THERE WAS NO LEGAL BASIS FOR THE AWARD OF LEGAL FEES BECAUSE ATTORNEY WAS NOT HIRED BY APPELLANT." Although this point presents a slight improvement in the required format by stating the specific error claimed (the granting of attorney's

1. We note that a more protracted discussion of the shortcomings of Roberson's brief could include the following: the failure to state the applicable standard of review, as required by Rule 84.04(e), and the failure to include a "detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cit-

ed, *with reference to the pages of the brief where they are cited,*" as required by Rule 84.04(a)(1) (emphasis added). Furthermore, we note that the statement of facts was disorganized, contained insufficient information to provide a proper context for the legal issues in dispute, and generally contained irrelevant information unhelpful to the court.

fees), it still requires resort to the record and/or the argument portion of the brief. That said, even upon reviewing the argument portion of Roberson's brief, this Court still fails to fully comprehend why the awarding of attorney's fees was erroneous. Roberson's brief simply states, "the attorney was hired by Respondent not Appellants," but fails to articulate or explain how or why this fact, if true, is relevant. Finally, the statement "in that there was no legal basis for the award" in Roberson's point is a vague and unhelpful conclusory argument, and as such, is insufficient under Rule 84.04. Accordingly, point two is likewise deemed abandoned, and thus, is dismissed.

■ Roberson's third and final point reads as follows: "DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY SETTING ASIDE TRANSFER OF TITLE IN THAT NO EVIDENCE WAS PRESENTED TO SHOW HOW THE RESPONDENT HAD LEGAL STANDING TO:

1. Raise the issue of transfer of title;

2. There was no evidence presented regarding title to the property.

3. Appellant was not given notice of any decision regarding title to the property."

This Point Relied On, albeit longer and slightly more detailed, still fails to provide a comprehensible statement of the argument without reference to the argument portion of the brief. However, the argument portion of Roberson's brief fails to adequately support the point in that it cites no authority whatsoever. Furthermore, Roberson argument merely relies on bald legal conclusions, which we find are not acceptable as argument. As such, point three is deemed abandoned and dismissed.

*Conclusion*

Since we find that Roberson's brief failed to comply with several essential requirements of Rule 84.04, we hold that each of Roberson's self-denominated Points Relied On have been abandoned. Therefore, pursuant to established Missouri precedent, Roberson's brief is dismissed and the original judgment of the trial court is affirmed. We do not reach this conclusion to exalt form over substance. These rules provide a simple, clear and effective manner in which to present persuasive argument to a court. Following the rules is not an option nor a mere suggestion, but good practice.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur.