David R. **BULLOCK**, Movant–Appellant,

v.

**STATE of Missouri**, Defendant–Respondent.

No. 27491.

Missouri Court of Appeals, Southern District, Division One.

Dec. 20, 2006.

Motion for Rehearing or Transfer to Supreme Court Denied Jan. 10, 2007.

Application for Transfer Denied Feb. 27, 2007.

---

Susan K. Roach, Melissa A. Featherston, The Roach Law Firm, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

David R. Bullock (movant) was convicted, following a jury trial, of attempted statutory rape, §§ 564.011[1] and 566.032, and attempted sexual exploitation of a minor, §§ 564.011 and 573.023. *See State v. Bullock,* 153 S.W.3d 882 (Mo.App.2005). Following his incarceration, movant filed a motion for post-conviction relief as permitted by Rule 29.15. The motion court denied movant's motion after an evidentiary hearing. This court affirms in part, reverses in part, and remands.

The facts that led to movant's conviction are recited in *State v. Bullock, supra.* That opinion may be read in conjunction with this opinion for the purpose of ascertaining those facts. Facts will be stated in this opinion only as required to address the issues presented in this appeal.

Review of denial of relief under Rule 29.15 is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Worthington v. State,* 166 S.W.3d 566, 572 (Mo. banc 2005). The motion court's findings are presumed correct. *Black v. State,* 151 S.W.3d 49, 54 (Mo.banc 2004). The motion court's disposition will only be disturbed if, after a review of the entire record, the reviewing court is left with the definite impression that a mistake has been made. *Worthington,* 166 S.W.3d at 572.

*Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006).

Movant's first point on appeal argues that "the ruling of the [motion] court of January 11, 2006"[2] was error; that "the [motion] court erred in finding that [movant's] counsel was not ineffective when he failed to request a psychological evaluation of the [movant]." Movant contends the trial court's finding that he was not denied effective assistance of counsel was "against the weight of the evidence and the law," but does not explain in summary fashion why, in the context of the case, the determination was against the weight of the evidence and the law as required by Rule 84.04(d)(C).

■■■ "Deficient points relied on do not preserve issues for appellate review." *Bolz v. Hatfield,* 41 S.W.3d 566, 571 (Mo. App.2001). However, notwithstanding

---

1. References to statutes are to RSMo 2000.

2. The motion court's Findings of Fact and Conclusions of Law and its Order denying movant's Rule 29.15 motion were filed January 11, 2006.

non-compliance with Rule 84.04, appellate courts may exercise discretion and attempt to resolve issues on their merits unless the defective point impedes disposition of the case on its merits. *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo.banc 1997). A brief impedes disposition on the merits if it fails to give notice of the basis for the claimed error. *Id.*

■ The argument portion of movant's brief that addresses Point I includes the assertion that while the underlying criminal case was pending and movant was free on bond, he attempted suicide and was hospitalized. Following movant's hospitalization, his bond was revoked. He remained confined until his trial. Movant contends that in addition to having attempted suicide, he "repeatedly demonstrated in his police transcribed confessions an inability to distinguish fantasy from reality." He complains in the argument part of his brief that despite these situations, trial counsel never sought a psychological evaluation.

■ This court infers that this is the context of the case on which movant relies in contending in Point I that his trial counsel was ineffective. However, although this issue was raised in movant's Rule 29.15 motion and was the subject of testimony at movant's evidentiary hearing, the motion court did not address the factual assertions by defendant with respect to the basis for his claim that his trial attorney was ineffective in not requesting a mental evaluation as permitted by § 552.020.2. The motion court merely stated, as a finding of fact, that movant was not denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution. There was no finding as to movant's mental state or whether, on the basis of the evidence adduced at the evidentiary hearing, movant's

trial counsel was ineffective in not requesting a mental evaluation of movant.

> Under Rule 29.15(j), a motion court is required to issue findings of fact and conclusions of law on all issues presented.... *Id; see Barry v. State,* 850 S.W.2d 348, 349–50 (Mo.banc 1993); *State v. Stanley,* 952 S.W.2d 327, 330 (Mo.App.1997); *see also Crews v. State,* 7 S.W.3d 563, 568 (Mo.App.1999) (discussion of exceptions to the general rule). " 'There is no ambiguity is [sic] this directive and its requirements are not a mere formality.' " *Kelley v. State,* 988 S.W.2d 563, 564 (Mo.App.1999) (quoting *State v. Deprow,* 937 S.W.2d 748, 751 (Mo.App.1997)).

*Smith v. State,* 28 S.W.3d 889, 890 (Mo. App.2000).

Point I is granted insofar as the trial court failed to address the issue presented. The case will be reversed and remanded with directions that the trial court make findings of fact and conclusions of law on the issue of movant's mental ability at the time of trial and whether movant's trial attorney was ineffective in failing to move for a mental evaluation.

Point II suffers from the same deficiency as Point I. It contends the trial court erred in not determining movant received ineffective assistance of counsel "for the reason that the trial court erred in finding that [movant's] [trial] counsel was ineffective when he failed to object to inadmissible, prejudicial evidence at trial namely the computer generated printouts of electronic conversations between the [movant] and Officer Murray of the Diamond Police." Point II does not explain why, in the context of the case, the evidence of computer printouts of electronic conversations was inadmissible and prejudicial.

As with respect to Point I, this court has, albeit with some reluctance, pored through the argument portion of movant's

brief to try to ascertain the issue to which Point II is directed. It appears the complaint is that trial counsel did not object to transcripts of instant e-mail messages between the investigating officer, posing as a young girl, and movant. Movant's trial attorney advised the court that he had no objection to the exhibit. Movant complains in his appellant's brief that the state did not "adduce any evidence as to chain of custody of the physical transcripts or the computer on which the transcripts were generated." As best this court can discern, that is the conduct to which Point II is directed.

The motion court found:

. . .

14. The State's evidence against [movant] included the computer generated printouts of electronic conversations between [movant] and Officer Jim Murray of the Diamond Police Department. Jim Murray testified that the transcripts were made by using the "cut and paste" function on his computer. The trial court properly admitted the evidence after a foundation for its admissibility was made.

15. Movant objected to trial counsel not having the computers used in the offense examined forensically.

16. Movant's counsel did not move for motion court to have the computers examined.

. . .

18. Movant's counsel failed to show that trial counsel's failure to have forensic examination of the computer prejudiced movant.

■ The motion court concluded that no prejudice was shown with respect to the alleged failing; that there was no reasonable probability that but for the actions movant claimed were errors, the result of the proceeding would have been different.

The mere failure to make objections does not constitute ineffective assistance of counsel. *Joiner v. State*, 621 S.W.2d 336, 338 (Mo.App. E.D.1981). To justify relief on a postconviction motion, the failure to object must have been of such character as to deprive the defendant substantially of his right to a fair trial. *Schlup v. State*, 771 S.W.2d 895, 900 (Mo.App. W.D.1989).

*State v. Bearden*, 926 S.W.2d 483, 486 (Mo. App.1996).

Officer Murray testified at trial that he generated printouts of online conversations, or "chats," that he had with movant between September 24 and October 18, 2002. When the state first sought to use the transcripts at trial, movant's trial counsel objected on the basis of lack of foundation. The prosecuting attorney asked Officer Murray to read from the transcripts, at which time movant's trial attorney objected that there was no record as to whether the transcripts were complete or how they were generated or whether they had been edited; that "those have to be laid as foundation before admission into evidence." Following the objection, the trial judge directed movant's trial counsel to "[l]ay a foundation."

Following the exchange between the attorneys and the trial judge, Officer Murray testified concerning the technique used to produce the transcripts of the chats; that the process resulted in preparation in their entirety, completely unedited; that "every word, every spelling, every punctuation, everything [was] exact." Officer Murray then read from the transcripts, they were offered, and upon movant's trial counsel advising the trial court that he had no objection, admitted into evidence.

■ Movant's trial counsel testified at the evidentiary hearing in this case. He explained that he did not object to the admission of the transcripts at trial; that he had the information about how the documents that were tendered in evidence were prepared from pretrial proceedings; that he made the strategic decision not to address the issue at trial. In addition to the verification of the transcripts of the conversations, movant's attorney pointed out that claims of movant about inaccuracies had been relatively minor. The motion court's finding that the transcripts of the conversations were properly admitted at movant's trial was not clearly erroneous. Counsel is not ineffective for failing to make nonmeritorious objections. *State v. Clay,* 975 S.W.2d 121, 135 (Mo.banc 1998), *cert. denied,* 525 U.S. 1085, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999).

To the extent that Point II may have been directed to a lack of forensic examination of Officer Murray's computer, the record before the motion court does not establish movant was prejudiced by that not having occurred. If it were determined movant's trial attorney was deficient, a determination this court does not make, there was no showing that movant was prejudiced by that inaction. Movant was not deprived of a fair trial by the lack of objection or the lack of forensic examinations about which he now complains. Point II is denied.

■ Movant's Point III claims that the motion court's denial of his Rule 29.15 motion "was against the weight of the evidence and the law ... and was clearly erroneous for the reason that the trial court erred in finding that appellate counsel was not ineffective when he pursued inadequate avenue of defense, to-wit; entrapment." Point III does not explain in summary fashion why, in the context of the case, the determination of the motion

court was against the weight of the evidence and the law as required by Rule 84.04(d)(C). As with respect to Points I and II, this court's review of the argument portion of the brief causes it to believe that the issue, if it were properly before this court, could be addressed on its merits; that the complaint movant seeks to make is directed to the fact that movant, through his defense, did not deny his guilt; that, therefore, the premise that movant committed the acts claimed as a result of government conduct could not be sustained. *See State v. Bullock, supra,* at 887, where this court held that a defense of entrapment is not available when the defendant in a criminal trial does not admit he committed the crimes for which he was convicted and there is no evidence that he was not predisposed, ready and willing to commit the crime charged.

Although the issue of trial counsel's effectiveness in asserting a defense of entrapment was questioned in movant's Rule 29.15 motion and was addressed by testimony at the evidentiary hearing, the motion court did not address the issue in its findings of facts and conclusions of law. As previously noted, the directive that a motion court issue findings of fact and conclusions of law on all issues presented by a post-conviction motion is not a mere formality but a requirement. *Smith v. State, supra.* That requirement was not met in this case. Thus, reversal with respect to the issue presented by Point III and remand are required in order for the motion court to address the issue by appropriate findings of fact and conclusions of law.

■ Movant's Point IV is directed to the sentence he received for the offense of attempted statutory rape in the first degree. Point IV argues it was error to sentence movant to confinement for a term of seven years because "at the time of the

alleged offense the statute contain[ed] no provision regarding punishment for attempted statutory rape and that as a result the law did not designate and there did not exist the crime of attempted statutory rape." Because movant did not assert this claim in his Rule 29.15 motion, he may not assert it on appeal. *Spears v. State,* 181 S.W.3d 239, 243 (Mo.App.2005). Point IV is denied.

Point V claims the motion court erred in denying movant's Rule 29.15 motion "for the reason that the [motion] court erred in refusing to recuse itself despite the fact that the subject matter of the hearing was the effectiveness of counsel and counsel was former law partners with the judge presiding over the hearing." Movant contends that the judge who conducted the hearing on his Rule 29.15 motion had been a law partner with movant's trial attorney more than 20 years before the evidentiary hearing on the motion. Movant's post-conviction counsel moved to recuse the judge at the outset of the evidentiary hearing. The motion court denied the request.

Movant's request to disqualify the judge came at the start of the evidentiary hearing. It was not timely for purposes of Rule 51.05, nor did it meet requirements of Rule 51.05 that it be in writing; neither was the request sufficient to constitute a basis for the motion court's disqualification for cause. The request was founded only on the motion court judge's acknowledged association with movant's trial attorney 20 years hence. The allegation did not constitute the type of relationship that would raise doubt or create an appearance of impropriety to a reasonable person. It was too attenuated to require disqualification. *Smulls v. State,* 10 S.W.3d 497, 501 (Mo.banc), *cert. denied,* 531 U.S. 881, 121 S.Ct. 194, 148 L.Ed.2d 135 (2000). Further, in addition to not being in writing,

the request was substantively insufficient. Thus, the motion court judge was not required to have a different judge hear the motion. *See State v. Tivis,* 948 S.W.2d 690, 700 (Mo.App.1997). Point V is denied.

Point VI continues the failings with respect to the content of the point on appeal in that it asserts error in the motion court's ruling "for the reason that the trial court erred in finding that [movant's] counsel was not ineffective when he failed to pursue adequate avenues of defense" without stating "why, in the context of the case, those legal reasons support the claim of reversible error" as required by Rule 84.04(d)(1)(C). Nevertheless, following a review of the record, this court concludes that no error of law appears with respect to claims attempted to be asserted in Point VI. Further discussion of Point VI would have no precedential value. Point VI is denied in compliance with Rule 84.16(b)(5).

The parts of the judgment that deny movant's claim of ineffective assistance of counsel based on allegations that movant's trial counsel did not request a psychological examination of movant and that movant's trial counsel pursued the alleged inadequate defense of entrapment are reversed for the reason that the motion court did not make findings of fact and conclusions of law as required by Rule 29.15 as to those issues. The case is remanded with directions that the motion court make findings of facts and conclusions of law as to those allegations. In all other respects the judgment is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.