**In re the MARRIAGE OF Maria A. FRITZ and Michael A. Fritz.**

**Maria A. Fritz, Petitioner/Respondent,**

v.

**Michael A. Fritz, Respondent/Appellant.**

**No. ED 89338.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 18, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 2008.

Application for Transfer Denied Feb. 19, 2008.

---

Craig G. Kallen Hais, Hais, Kallen & Goldberger, P.C., Clayton, MO, for respondent.

Susan K. Roach, Shaun M. Falvey, The Roach Law Firm, Clayton, MO, for appellant.

Virginia Busch, St. Charles, MO, Guardian Ad Litem.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

PER CURIAM.

Father, Michael A. Fritz, appeals from the judgment of the trial court modifying the custody provisions of a dissolution decree. Father lodged an original brief that was 10,000 words in excess of the page limit, and father obtained leave to file an amended brief. Mother, Maria A. Fritz, has filed a motion to dismiss father's appeal because his brief fails to comply with the requirements of Rule 84.04.[1] Father's amended brief and legal file fail to comply with Rules 84.04 and 81.12 so substantially that we cannot review this appeal. The appeal is dismissed.

*Points Relied On—Rule 84.04(d)*

Each of father's fourteen points relied on violates Rule 84.04(d). Each point fails to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of this case, those legal reasons support the claim of reversible error, as required by Rule 84.04(d)(1). Further, none of the points follows the form set out in Rule 84.04(d)(1). Each point begins by setting out the judgment itself and the denial of the motion to amend or for new trial as the trial court ruling or action being challenged. This is not a proper statement of an error. "The error contemplated by Rule 84.04(d) in a court-tried case is not the judgment itself but the trial court's actions or rulings on which the adverse judgment is based." *Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283 n. 2 (Mo.App.1999).

Next, each point sets out the legal reason for the claim of error as that "the same are against the weight of the evidence, against the weight of the law and constitute an abuse of the trial court's discretion." This is an abstract statement reciting the *Murphy v. Carron* standard of review,[2] which does not comply with Rule 84.04(d)(1)(A) and (B). *Paull v. Paull,* 819 S.W.2d 68, 72 (Mo.App.1991).

Each point then continues with various specific complaints about actions taken by the trial court. Even if we were to ignore the first part of each point and consider these complaints to be the "error," they, in turn, are not supported with legal reasons or an explanation of why those legal reasons support a claim of reversible error as required by Rule 84.04(d)(1)(B) and (C). *See In re Marriage of Weinshenker,* 177 S.W.3d 859, 863 (Mo.App.2005); *In re Marriage of Shumpert,* 144 S.W.3d 317, 320 (Mo.App.2004); *see also Bullock v. State,* 213 S.W.3d 142, 144–45 (Mo.App. 2006).

Further, most of these points contain multiple complaints, so even if we treated these as "errors," these points

---

1. All rule citations are to the Missouri Rules of Civil Procedure (2007).

2. 536 S.W.2d 30, 32 (Mo. banc 1976).

would still not comply with the rule that separate errors should be stated in separate points. *See Hines v. Smith*, 172 S.W.3d 437, 439 n. 4 (Mo.App.2005). "'When an appellant makes the entire judgment one error and lists multiple grounds therefor, the result is that the point contains multiple legal issues.'" *Lamar Adver. of Mo., Inc. v. McDonald*, 19 S.W.3d 743, 745 (Mo.App.2000) (quoting *Wheeler*, 999 S.W.2d at 283 n. 2). Multifarious points preserve nothing for review. *Hines*, 172 S.W.3d at 439 n. 4. Finally, the points are written in such ungrammatical and convoluted fashion that they are difficult to decipher.

■ "'An insufficient point relied on, which cannot be understood without resorting to the record or the argument portion of the brief, preserves nothing for appellate review.'" *Roberson v. KMR Const., LLC*, 208 S.W.3d 320, 322 (Mo.App. 2006) (quoting *Coleman v. Gilyard*, 969 S.W.2d 271, 274 (Mo.App.1998)); *see also Bullock*, 213 S.W.3d at 144. In this case, the deficiencies identified in each of the fourteen points relied on would be sufficient standing alone to warrant dismissal. *See DeCota Elec. & Indus. Sup. v. Cont. Cas.*, 886 S.W.2d 940, 941 (Mo.App.1994); *see also Roberson*, 208 S.W.3d at 323.

*Argument—Rule 84.04(e)*

■ In addition, the arguments under each point fail to comply with Rule 84.04(e), and equally preserve nothing for review. To begin, the arguments do not contain a concise statement of the *applicable* standard of review for each point, as required by Rule 84.04(e). *See Totten v. Treasurer of State*, 116 S.W.3d 624, 627 (Mo.App.2003).[3] Rather, the argument under Point I contains the standard of review set out in *Murphy v. Carron*, and each of

the arguments under the other points incorporates this standard of review by reference. However, most, if not all, of the "errors" mentioned in the arguments under each point, if reviewable, would have a different standard of review, such as abuse of discretion. With one exception, the arguments, in turn, then fail to analyze the error in the context of the appropriate standard of review.

■ Next, each argument is analytically insufficient. An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact. *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo.App.2002); *Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App.2000). "'If a party fails to support a contention ... with argument beyond conclusions, the point is considered abandoned.'" *Coleman*, 969 S.W.2d at 274 (quoting *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App.1996)); *Estate of Dean v. Morris*, 963 S.W.2d 461, 466 (Mo.App. 1998). Most of the arguments contain only a bare conclusion without linking that conclusion to specific testimony or evidence and without explaining any rationale supporting the conclusion. *See Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 516 (Mo.App.1998). For example, the argument under Point IV merely concludes "review of the transcript as a whole establishes the fact that Appellant met his burden of proof," but does not set out any evidence demonstrating why he met his burden of proof. Likewise, the argument under Point V challenges the attorney's fee award but does not analyze the evidence or the applicable law; it just cites a case that requires "unusual circumstances" to support an award and concludes: "No

**3.** See also the published footnote to *Werber v. Washington University*, 998 S.W.2d 877 n. 1 (Mo.App.1999).

such circumstances existed here." The argument under Point VIII contends that the trial court acted "improperly," but never sets out or explains a legal basis for this claim of impropriety. The four-sentence argument under Point XII asserts that the "transcript will establish that there was no evidentiary support" for the trial court's findings, without discussing any evidentiary deficiency in any particular finding. The argument under Point I complains that the trial court limited the length of the trial, without any reference to the standard under which this error would be reviewed, which is abuse of discretion. It concludes that father was "precluded from effectively presenting his case in chief and from engaging in a complete cross-examination," without any explanation of what evidence father would have offered had the court not imposed time limitations.

■ In addition, an appellant must cite legal authority to support his points relied on if the point is one in which precedent is appropriate or available; if no authority is available, an explanation should be made for the absence of citations. *Totten*, 116 S.W.3d at 627. Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review. *State ex rel. Moore v. Brewster*, 116 S.W.3d 630, 643 (Mo.App. 2003). In this case, the arguments under Points VI, IX, XI, and XIII are not supported by any legal authority or any explanation for the failure to cite legal authority. The one-paragraph argument under Point VII, which relates to the exclusion of evidence, and the two-paragraph argument under Point VIII, which relates to the trial court's limitation on father's use of an iPod during trial, are supported by identical citations to the same two cases, without any explanation of what statement of law contained in those cases is being relied on or how those cases relate to either argument. As we read the argument under Point III, it appears to complain that the

trial court "deviated" from the guardian ad litem's recommendation without setting out facts or reasons supporting the deviation, but cites no legal authority that a trial court is required to do so. The argument under Point X complains that the judgment did not comply with the requirements of a contempt judgment, but cites no authority explaining why this judgment, which was not a contempt judgment, was required to conform to a contempt judgment.

■ Further, we review only those errors that are set out in the point relied on. *Russ v. Russ*, 39 S.W.3d 895, 899 n. 5 (Mo.App.2001). There are multiple challenges to the trial court's findings in Point II, but none mentions "contempt"; however, the only legal discussion in the argument under this point addresses what findings must be contained in a contempt judgment, which this judgment was not. Issues that are raised only in the argument part of the brief and are not contained in the point relied on are not preserved for review. *Id.*

*Citations to Record—Rule 84.04(i)*

■ Rule 84.04(i) requires all statements of fact to have specific page references to the legal file or transcript. *See Shumpert*, 144 S.W.3d at 321. The argument contains statements about evidence and procedural matters in the case that do not have specific page references to the legal file or the transcript. The argument under Point XIV is especially egregious. It complains of the trial judge's failure to disqualify himself without any reference to the record where the matter was presented to the trial judge. It further lists numerous acts taken by the trial judge during trial without any references to the trial transcript. Further, this and several other arguments merely invite us to review the entire transcript or record to find support for father's claims. These practices

not only violate the rule, but impose unfair burdens on the opposing party and the court. *See Kent,* 972 S.W.2d at 516.

*Rule 81.12; Eastern District Rule 330*

■ Finally, father's three-volume, 450–page legal file fails to comply with Rule 81.12 or Eastern District Rule 330. Rule 81.12 requires that the file be arranged chronologically with the oldest document first[4] and that the file not contain certain classes of pleadings. *See Siegfried v. Remaklus,* 95 S.W.3d 107, 111 n. 1 (Mo. App.2001). Here, the legal file begins with the newest document and ends with the oldest document. The more serious violation is that the legal file is replete with pleadings, motions, and orders relating to other disputes between the parties over the years that are not material to the subject of the appeal, orders that merely set matters for hearing, motions requesting settings, and abandoned pleadings that were subsequently amended, all in violation of Rule 81.12(b). Although the legal file is 450 pages, the argument contains page references to only 1) two pages from the docket sheet, 2) the trial court's order and judgment, and 3) the parties' proposed findings of fact and judgment. Moreover, the statement of facts does not contain a page reference to any page in the legal file. This lengthy legal file, filled with unnecessary documents, impedes review rather than aids it.

In addition, Rule 330 requires "an index" to the legal file. Here, there is no one index to the entire legal file; rather each volume has an index for that volume only, which places an unfair burden on the court to consult several volumes to find the appropriate index.

*Conclusion*

■ Rule 84.13(a) provides that allegations of error not properly briefed "shall not be considered in any civil appeal." *See Totten,* 116 S.W.3d at 627–28. In this case, not one point complies with Rule 84.04(d)(1) or is followed by a coherent, relevant argument supported by applicable or relevant legal authority. Because of its substantial failure to comply with Rule 84.04, the brief is inadequate to invoke the jurisdiction of this court and preserves nothing for review. *See Kent,* 972 S.W.2d at 517–18. The deficiencies in the brief and in the legal file would require this court to ferret out the facts, reconstruct the points and issues, decipher the arguments, and do our own legal research to determine whether father is entitled to relief. *See Watson–Tate v. St. Louis School Dist.,* 87 S.W.3d 358, 360 (Mo.App. 2002). We are not required to, and should not, become advocates for an appellant in this manner. *Id.; see also Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

The appeal is dismissed.

4. *See also* Eastern District Rule 330.