Rhonda **RAINEY**, Appellant,

v.

**EXPRESS MEDICAL TRANSPORTERS, INC.**, Respondent.

No. ED 90449.

Missouri Court of Appeals, Eastern District, Division Two.

June 10, 2008.

Rhonda Rainey, Pro Se, St. Louis, MO, for Appellant.

Matthew R. Heeren, Marilyn Gail Green, Jefferson City, MO, for Respondent Missouri Division of Employment Security.

Express Medical Transporters, Inc., Pro Se, St. Louis, MO, for Respondent Express Medical Transporters, Inc.

## Introduction

KURT S. ODENWALD, Judge.

Rhonda Rainey (Claimant) appeals from the determination of the Labor and Industrial Relations Commission that she was disqualified from receiving unemployment benefits. In its brief, the Division of Employment Security (Division) moves for dismissal of this appeal because Claimant's brief fails to comply with the requirements of Rule 84.04.[1] Claimant's opening brief fails to comply with Rule 84.04 so substantially that we cannot review this appeal. The appeal is dismissed.

## Points on Appeal

■ Claimant, appearing *pro se*, attempts to raise two issues on appeal. Unfortunately, her points, consisting mainly of abstract statements of error, fail to comply with the requirements of Rule 84.04(d). The points raised by Claimant fail to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of this case, those legal reasons support the claim of error, as required by Rule

---

1. All rule citations are to the Mo. R. Civil P. 2007.

84.04(d)(1). The Claimant's points, as set out in her brief, read as follows:

I. The Labor and Industrial Relations Commission erred in affirming the decision of the appeal tribunal which found that Rhonda Rainey was entitled to send her case to the court for review (See R.S.MO. 288.380.5.)

A. The commission acted in looking into facts concerning this case.

B. The facts that EMT presented doesn't support their claim.

C. The claimant was unemployed and was eligible for benefits.

II. Alternatively, the Labor and Industrial Relations Commission erred in affirming the deision [sic] of the appeal tribunal which found that the claimant herein was not disqualified for benefits, because all the facts that were not given to the Commission concerning this case, yet was disqualified for benefits pursuant to R.S.Mo. 288.040.3.

██ The error contemplated by Rule 84.04(d) in a court-tried case should address the trial court's actions or rulings on which the adverse judgment is based. *In re the Marriage of Fritz,* 243 S.W.3d 484, 486 (Mo.App. E.D.2007). None of Claimant's points are supported with legal reasons or explanations as to why those legal reasons support a claim of reversible error as required by Rule 84.04(d)(1)(B) and (C). Claimant's points constitute mere abstract statements of error, which, standing alone, do not comply with Rule 84.04, and are written in a fashion that requires us to resort to the record or argument portion of her and the Division's briefs to attempt to discern their meaning. Rule 84.04(d)(4). Accordingly, the insufficiency of her points preserves nothing for our review, and warrants dismissal of Claimant's appeal. *Id.*

██ Additionally, the argument under the first point fails to comply with Rule 84.04(e), in that it fails to include a concise statement of the applicable standard of review for each claim of error and to analyze the error in the context of that review standard. Moreover, this argument is analytically deficient, lacking any explanation as to how principles of law interact with the facts of the case. *Fritz,* 243 S.W.3d at 487. For example, the entire argument under Claimant's first point merely states:

Express Medical Transporters didn't give all the facts concerning this case which lead the Comission [sic] to make a decision on the grounds only with the information provided. However; [sic] (1) the rest on [sic] the story unfolded when the supervisor Chris was fired for stealing. (2) Next the co-workers were taking cigarettes [sic] breaks every 5–10 minutes were [sic] I wasn't getting my breaks and lunches in the proper matter or time. (3) Co-workers would be sitting in the office when more then [sic] line would ring and wouldn't answer the other lines while I was answering more then [sic] one line at a time. Being my job describtion [sic] other work was involved. Which included entering in trips for pick up into the system for the next day. However; [sic] I work for about three week watch with out being trained properly. They finally sent me to their office for training with Jake for three hours. Were [sic] he looked over my work for the next three days and found only a few mistakes. Jake said that I was doing a good job and showed me the rest of the system and trained me for up coming trips. Jake also corrected everything on the manifest for the next three days and said that I was doing a good job and if I had any questions call him and he would show me what to do. So we moved on from there. Jake said that we were moving forward and started showing me other things that could be done in the system.

A. The Commission acted only on what was presented to them at that time and made their finding for the claimant to be eligible for benefits.

In the decision of the Appeal Tribunal regarding this claimant, the referee did make a determination regarding this case which was disqualification for benefits, because they didn't have all the facts under subsection 288.040.3.

Claimant's brief does not even contain an argument section for her second point. Points are considered abandoned where contentions are supported by argument consisting of mere conclusions. *Id.* Further, Claimant has failed to cite legal authority to support her points, which preserves nothing for our review. *Id.*

■ Rule 84.04(i) requires all statements of fact to have specific page references to the legal file or transcript. Claimant's Statement of Facts not only fails to contain the required page references, it also lacks entirely a fair and concise statement of the relevant facts; conversely, Claimant's "Statement of Facts" consists almost entirely of argument and fails to inform this Court of the procedural facts or history of her case. *See* Rule 84.04(c).

"[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]" Rule 84.13(a). Because of her substantial failure to comply with Rule 84.04, Claimant's briefs are inadequate to invoke this Court's jurisdiction and preserve nothing for our review. To determine whether Claimant is entitled to relief would require us to decipher her points, issues and arguments, placing this Court in the untenable position of acting as her advocate. *Fritz,* 243 S.W.3d at 489.

■ While we appreciate the fact that Claimant has appeared before us *pro se* and is genuine in her attempt to have this Court review her claim, *pro se* Claimants are held to the same standards as are attorneys. *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007). "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.* While Claimant has attempted to present to us her claims on appeal, Claimant's brief fails to provide this Court with the necessary statement of facts or points of appeal that would allow us to fairly consider her appeal with resorting to rank speculation, or considering facts that appear to be outside of the record. Despite her best intentions and efforts, Claimant's failure to comply with Rule 84.04 and 84.13(a) requires this Court to dismiss her appeal.

*Conclusion*

The appeal is dismissed.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., concur.