

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

J.R.,                                          )

                         Respondent,            )

v.                                        )         WD87033

P.S.,                                     )         Opinion filed: October 29, 2024

                         Appellant.             )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## THE HONORABLE JERRI ZHANG, JUDGE

Division Two:  Alok Ahuja, Presiding Judge,
Edward R. Ardini, Jr., Judge and W. Douglas Thomson, Judge

P.S. appeals *pro se* from a judgment entered by the Circuit Court of Jackson County ("trial court") renewing the Full Order of Protection obtained by J.R. against P.S.[1] However, we cannot review P.S.'s appeal on the merits because his brief substantially fails to comply with Rule 84.04's mandatory and straightforward requirements governing appellate briefing.[2] Accordingly, we dismiss this appeal.

---

[1] A Full Order of Protection was entered against P.S. in March of 2023 from which P.S. did not appeal. The current appeal involves the trial court's renewal of that order of protection until March 27, 2025.

[2] All Rule references are to the Missouri Supreme Court Rules (2024).

## Factual and Procedural Background

In his briefing to this Court, P.S. has provided minimal information concerning the underlying proceedings before the trial court thereby requiring us to substantially rely on J.R.'s briefing and our independent review of the record to gain a basic understanding of the matter before us.

P.S. refers to himself as a "Minute Man of Saint Germain" who emigrated to the United States to "restore it to the original teaching[s] of the Saint Germain Foundation." P.S. believes that one of the foundation's leaders is "destroy[ing] the Saint Germain Foundation teachings" and took particular exception when that leader "shut down every account that belongs to the group here in Kansas City[.]" Based on his association with the Saint Germain Foundation, P.S. sought information related to the foundation's trust account(s) from the bank at which J.R. was employed. When J.R. and the bank denied P.S. access to the trust account information, P.S. threatened, stalked, and harassed J.R.

Following a hearing in March of 2023, the trial court granted J.R. a Full Order of Protection against P.S. until March 28, 2024, that would automatically renew through March 27, 2025, "unless [P.S.] request[ed] a hearing at least 30 days prior to the Order's expiration."

P.S. timely requested a hearing to contest the renewal of the Full Order of Protection. During this hearing, P.S. shared background information about his association with the Saint Germain Foundation, the "I AM" school and the "Great White Brotherhood" and expressed frustration over the dismissal of a separate action involving P.S., the Saint Germain Foundation, and the bank that employed J.R. In an apparent effort to re-litigate

this unrelated legal dispute, P.S. told the trial court that he had rights related to the Saint Germain trust account(s) and expressed concern that "the bank took $33 million away from us and g[a]ve it to somebody else."

The trial court admonished P.S. multiple times that the scope of the hearing was limited to the renewal of the Full Order of Protection and, if he wished to defeat its renewal, it was necessary for him to show "a change in circumstances where an automatic renewal for another year of this order of protection that [J.R.] has against [him] should not happen." P.S. ignored the trial court's guidance and persisted in arguing about his "rights for the Saint Germain trust" and how "they want to make [him] a monster."

The trial court found that "there has not been a change of circumstance" and entered a judgment renewing the Full Order of Protection against P.S. through March 27, 2025.

This appeal follows.

## Discussion

Due to the significant deficiencies in P.S.'s briefing to this Court, we are unable to reach the merits of this appeal.

"Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Compliance with Rule 84.04 is mandatory, and ensures "that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019). Although P.S. appears *pro se,* "he is held to the same standard as attorneys and he is subject to" the requirements of Rule 84.04. *R.M. v. King*, 671 S.W.3d 394, 397 (Mo. App. W.D. 2023). Indeed, "[j]udicial impartiality, judicial

3

economy, and fairness to all parties necessitates that we do not grant *pro se* litigants preferential treatment with regard to their compliance with those procedural rules." *Id.* As a result, the failure of an appellant, including a *pro se* appellant, to substantially comply with Rule 84.04, "preserves nothing for our review and is grounds for dismissing the appeal." *Hoover*, 581 S.W.3d at 640.

P.S.'s initial brief was struck for multiple violations of Rule 84.04. He filed an amended brief, which suffers from the same deficiencies, from which we are unable to identify a single assertion directed at the renewal of the Full Order of Protection, or discern any allegation of error by the trial court.

## Point Relied On

The most notable of these deficiencies is P.S.'s failure to comply with any portion of Rule 84.04(d)(1), that specifically requires an appellant set forth his claims of error in points relied on. "An appellant's point relied on defines the scope of appellate review." *Barnett v. Columbia Maint. Co.*, 632 S.W.3d 396, 409 (Mo. App. E.D. 2021). A point relied on must "(A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). Moreover, each "point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" Rule 84.04(d)(1). "Given this template is specifically provided, appellants simply have no

4

excuse for failing to submit adequate points relied on." *T.G. v. D.W.H.*, 648 S.W.3d 42, 48 (Mo. App. E.D. 2022) (internal marks omitted).

"The function of points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505 (internal marks omitted). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Id*. As a result, "[a] point relied on which does not state 'wherein and why' the trial court . . . erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *R.M.*, 671 S.W.3d at 398 (quoting *Lexow*, 643 S.W.3d at 505).

In what purports to be his point relied on, P.S. asserts:

> I make no specific charge of reversable [sic] error regarding my statements about 'resolving the matter peacefully and you can run but you cannot hide' which I did not mean as a threat. I will just say that I am a tax payer who has lived peacefully in the Kansas City area for 40 years and the court believed the word of my accuser [J.R.] who has only lived in this area 6 years. . . .

> No specific charge of reversable [sic] error with regard to my credentials. There was some indication that the court at least considered the possibility that I had a legitimate reason to ask questions about how the trust was being administered. Apparently much of the misunderstanding resulted from my persistent questions and my foreign accent. Who am I to suspect that the banks and courts are protecting the corporations rather than the people. . . .

In short, this series of disconnected statements in no manner complies with the form

mandated by Rule 84.04(d)(1) and asserts no claim of trial court error for this Court to review. Indeed, his "point relied on" never mentions the Full Order of Protection or its renewal by the trial court and affirmatively states, in two places, that he is alleging "no specific charge of reversible error[.]" Accordingly, P.S. has preserved nothing for our review related to the trial court's renewal of the Full Order of Protection.

Argument

Additionally, the argument section of P.S.'s brief fails to comply with Rule 84.04(e):

> The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On." For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

"The argument section of an appellate brief must provide sufficient analytical support for the claim of reversible error." *Matter of Marvin*, 682 S.W.3d 788, 798 (Mo. App. W.D. 2023). It should explain how the claim of reversible error is supported by the law, and "advise the appellate court how principles of law and the facts of the case interact." *Id.* (quoting *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007)). It is not this Court's role to parse together an argument in order "to interpret the thrust of Appellants' contentions." *Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 750 (Mo. App. W.D. 2023) (internal marks omitted).

In addition to P.S.'s wholly deficient point relied on (and his affirmative acknowledgement that he asserts "no specific charge of reversible error" by the trial court in this appeal), the argument portion of his briefing similarly falls fatally short of complying with Rule 84.04(e). In the seven pages of his "argument," P.S. fails to cite to *any* legal authority and directs no argument at the trial court's actions related to the renewal of the Full Order of Protection. In fact, at no point in the argument section of his brief does P.S. even reference the trial court. Instead, he recounts the history of Saint Germain and the "I AM" school, as well as his own background prior to and immediately after emigrating to the United States. Indeed, his "argument" focuses on issues he has with the Saint Germain Foundation, the associated trust account(s) and the bank, and he seeks support for these irrelevant disputes through references to "the **original** Constitution," Stalin, Nicola Tesla, and the film "Dracula." Plainly, none of this is germane to the subject of this appeal – the trial court's renewal of the Full Order of Protection. *See e.g. Maxwell*, 671 S.W.3d at 749-51 (where appeal was dismissed because appellant's argument was irrelevant to, and beyond the scope of the issue raised in the appeal).

As P.S. raises no claim of trial court error, and simply asserts abstract claims unrelated to the trial court's renewal of the Full Order of Protection, we must dismiss his appeal.[3]

---

[3] We note that there are additional deficiencies in P.S.'s briefing that would be sufficient to support dismissal of his appeal. For example, his statement of facts does not comply with Rule 84.04(c) in that it fails to contain "a fair and concise statement of the facts[.]" As with the argument section of his brief, his statement of facts is a collection of confusing and seemingly argumentative statements irrelevant to the trial court action being appealed.

## Conclusion

For the foregoing reasons, P.S.'s appeal is dismissed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.