Robert A. SPEARS, Movant–Appellant

v.

STATE of Missouri, Respondent.

No. 26834.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 28, 2005.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 12, 2005.

Application for Transfer Denied
Jan. 31, 2006.

William J. Swift, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald S. Ribaudo, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Robert A. Spears (movant) was convicted, following a plea of guilty, of the class D felony of driving while intoxicated. §§ 577.010 and 577.023.1(4) and .3.[1] Following receipt of a presentence investigation, defendant was sentenced to confinement in the department of corrections for a term of four years. The sentencing court requested that movant be placed in an institutional treatment program and retained jurisdiction over movant as permitted by § 559.115. The sentencing court thereafter received a further report on movant's conduct. It concluded that place-

ment of movant on probation as permitted by § 559.115 could be an abuse of discretion and directed that a hearing be held. Following that hearing, the sentencing court found that the release of movant on probation would be an abuse of discretion and denied probation.

Movant filed a motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed. Movant's post-conviction counsel filed a statement in lieu of an amended motion stating that based on discussion with movant and review of case records, no additional facts or claims were known to counsel that were omitted from movant's pro se 24.035 motion. Movant's Rule 24.035 motion was denied without an evidentiary hearing. This court affirms.

Movant asserts in Point I that the motion court erred in denying probation because movant was told at his sentencing hearing that if he successfully completed the program to which he was committed, movant would be released and placed on probation; that movant successfully completed the program and did not receive what he had been promised. Movant further argues that he was denied the opportunity to withdraw his guilty plea.

The motion court found that the report the sentencing court received during the time movant was participating in the treatment program administered by the department of corrections disclosed "that Movant would 'not commit to quitting' consumption of alcohol and that Movant 'didn't feel that driving drunk was a crime and that he (Movant) did it all the time.'" The motion court concluded:

Claim # 1—Movant's claim is that he is entitled to a grant of probation. Section 559.115, RSMo., does not require the Court to place [movant] on probation

1. References to statutes are to RSMo 2000.

and contains a mechanism whereby probation may be denied, even if there is successful completion of the treatment program. That procedure was followed in this case. Probation is a privilege, not a right. *State v. Welsh,* 853 S.W.2d 466 (Mo.App. S.D.1993).

Claim #2—Movant's plea bargain, signed by him, provides that in return for his guilty plea, the State agreed not to file other charges. Movant testified, under oath, when he pled guilty, that he had received no other promises from anybody that induced his guilty plea. There has been no violation of the plea bargain and the facts do not support Movant's second claim.

. . .

The treatment program in which movant was placed was the Regimented–Substance Abuse Treatment Program at Farmington Treatment Center. Movant received a certificate of successful completion of the program. Prior to movant's completion of the program, the Board of Probation and Parole reported on movant's progress. The report noted that movant would not commit to quit using alcohol; that he did not feel that drunk driving was a crime; "that he did it all the time." The report concluded that movant showed very little commitment to change; that he seemed "unwilling to take what he has learned and put it to work."

Movant does not contend in Point I that a part of his negotiated plea agreement was that he would be placed on probation upon completion of the treatment program in which he participated. Rather, he bases his argument that he is entitled to release on statements made by the trial judge at his sentencing.

Movant was asked at the sentencing hearing if he had a plea agreement. He answered that he did. Movant was then shown a written plea agreement and asked if that was his plea agreement. He answered that it was. The trial judge then asked movant, "Okay, this plea agreement says the state has agreed not to file some traffic tickets from the date of this offense. Other than that plea agreement, have you received any kind of promise from anybody that's made you plead guilty here today?" Movant answered, "No."

The written plea agreement identifies movant's criminal charge as "DWI-felony." The terms of the agreement are handwritten as follows, "State will not file traffic tickets from date of offense." The handwritten text is followed by printed statements:

I, the undersigned Defendant, state that I have read and fully understand the above Memorandum of Plea Bargain. My attorney has also fully explained it to me. I understand that the Prosecutor is not going to do anything further in my behalf in this case other than as set forth above. I further state that I have discussed this plea bargain with my attorney and have freely, knowingly, and voluntarily agreed to this plea bargain. I have been advised, and I do understand, that the Court is not compelled to accept this plea bargain and is not compelled to follow the recommendation of the Prosecutor, my attorney, or any other person. There has been no force or threats of any type used against me to make me agree to this plea bargain. I am agreeing to this plea bargain of my own free will.

I respectfully request the Court to accept the plea bargain as set forth above.

The document is signed by movant as "Defendant," his attorney, and the "Prosecutor Making Agreement."

The trial judge, with commendable patience and thoroughness, advised movant of the other rights he had as a defendant in a criminal case. The judge concluded his dialogue by asking if movant had been threatened or intimidated by anyone or forced to plead guilty. Movant answered that he had not. The trial judge then asked, "In light of everything I've said to you, are you telling me your plea is free and voluntary, because you are in fact guilty as charged?" Movant answered, "It is." The trial judge accepted the guilty plea, ordered a presentence investigation report, and set the date for sentencing.

On the sentencing date, the trial judge called movant's case and inquired if defendant and his attorney had a copy of the presentence investigation report. Movant's attorney announced that they did; that they had no corrections. Movant's attorney then asked the trial judge "for the privilege of probation or the 120–day–treatment program." The prosecuting attorney opposed probation. The trial judge imposed sentence of four years' confinement, then announced that the court would retain jurisdiction over movant under § 559.115; that institutional treatment was requested. The trial judge then explained the proceedings with respect to the request for institutional treatment. Movant was told that he would go to a treatment center; that after he was there "for 90 days or thereabouts," if he were successful, he would be released back on probation. Movant bases his argument that he was "promised probation" on this colloquy.

As the motion court found, the opportunity for release after 120 days incarceration was not a part of movant's negotiated plea agreement. Further, the trial judge advised movant that if he were successful, he would receive probation. The report the trial judge received recited that movant would not commit to quit using alcohol. It stated that movant did not consider driving drunk to be a crime and that movant acknowledged that he drove when he was drunk "all the time." The trial judge concluded that movant's attitude regarding drunk driving could make his placement on probation an abuse of discretion and directed that a hearing be conducted to resolve that question.

Section 559.115.3 provides, as applicable here, "Upon successful completion of a treatment program the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall release the offender *unless such release constitutes an abuse of discretion.*" (Emphasis added.) The trial judge concluded, following the hearing, that release of movant on probation or a statutory release would be an abuse of discretion. The court directed that movant not be released. The motion court's findings and conclusions that movant was not entitled to probation pursuant to the terms of § 559.115 and that movant's negotiated plea agreement was not violated by denial of probation were not clearly erroneous. *See* Rule 24.035(k).

■ Movant also asserts in Point I that the trial court erred in not permitting him the opportunity to withdraw his plea of guilty following its refusal to grant probation. Arguably, by including multiple claims of error in a single point, Point I is multifarious and, therefore, not in compliance with Rule 84.04(d). *See Stroup v. Facet Automotive Filter Co.,* 919 S.W.2d 273, 277 (Mo.App.1996). This court, nevertheless, considers movant's argument that he was entitled to withdraw his plea of guilty and concludes it is without merit. Rule 29.07(d) permits a guilty plea to be withdrawn after sentencing only upon a showing that the plea of guilty was induced by fraud, mistake, misapprehension,

fear, persuasion, or other exceptional circumstances that constitute manifest injustice. *Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. banc 2002); *Latham v. State,* 439 S.W.2d 737, 739 (Mo.1969); *Rollins v. State,* 974 S.W.2d 593, 596 n. 3 (Mo.App. 1998). This court finds no manifest injustice. Point I is denied.

■ Point II alleges that the motion court erred by denying movant's Rule 24.035 motion without an evidentiary hearing. Movant argues that his motion alleged facts that, if proven, would entitle him to relief. The allegation on which movant bases his argument is that he was told by the sentencing court that he would receive probation if he successfully completed the treatment program.

To be entitled to an evidentiary hearing, a post-conviction movant must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Weston v. State,* 2 S.W.3d 111, 114 (Mo. App.1999). The facts movant alleged were refuted by the files and records from his criminal case. Point II is denied.

■ Movant complains in Point III that the hearing the sentencing court conducted was not held within the time prescribed by § 559.115; that, therefore, the motion court erred in not concluding, *sua sponte,* that the sentencing court did not have jurisdiction to deny probation. This claim was not asserted in movant's Rule 24.035 motion. For a claim to be considered on appeal, it must have been raised in the pleadings that were before the motion court. *Carter v. State,* 97 S.W.3d 563, 566 (Mo.App.2003). "Claims not properly presented to the motion court cannot be reviewed on appeal, for 'plain error' or otherwise." *State v. Kittrell,* 779 S.W.2d 652,

657 (Mo.App.1989). Claims not raised in the post-conviction motion are waived. Rule 24.035(d). Point III is denied.

The judgment denying movant's Rule 24.035 motion is affirmed.

PREWITT, P.J., and RAHMEYER, J., concur.