**James E. COUNTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 30658.**

Missouri Court of Appeals,
Southern District,
Division One.

June 7, 2011.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., and James B. Farnsworth, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant James E. Counts ("Movant") appeals the motion court's denial following an evidentiary hearing of his "SECOND AMENDED MOTION TO VACATE, SET

ASIDE OR CORRECT JUDGMENT AND SENTENCE" filed pursuant to Rule 24.035.[1] In his sole point relied on Movant asserts the motion court erred in denying his request for postconviction relief because the sentencing court failed to conduct the final hearing regarding his potential grant of probation and release from prison pursuant to section 559.115 within 120 days as required by that statute.[2]

The record reveals that on December 4, 2008, Movant pled guilty pursuant to a plea agreement to the following crimes: one count of the class B felony of assault in the first degree, a violation of section 565.050, RSMo 2000; one count of the class B felony of first degree burglary, a violation of section 569.160, RSMo 2000; and one count of the unclassified felony of unlawful use of a weapon, a violation of section 571.030, RSMo Cum.Supp.2003.[3] As it was his first offense, Movant's counsel requested Movant be sentenced to "the 120 day general shock" incarceration program under section 559.115 which would allow him the opportunity to be released upon probation at the end of the 120 day imprisonment period if the board of probation and parole and the court found it to be appropriate. *See* § 559.115.3. The court found there was a factual basis for Movant's plea and that it was made "freely, voluntarily and intelligently, with full understanding of the charges and consequences...." It then proceeded to sentence Movant as requested by the State in the plea agreement to concurrent terms of imprisonment of fifteen years each on the assault and burglary charges and a four year term of imprisonment on the unlawful use of a weapon charge to run consecutive to the concurrent terms. It also "retain[ed] jurisdiction under [s]ection 559.115 ... for the purpose of ruling on probation." The court then requested that Movant be placed in the 120 day shock incarceration program administered by the Department of Corrections ("DOC") but advised Movant that DOC would be reporting back to the sentencing court in a few months with a recommendation as to whether the DOC believed Movant should be released on probation. The sentencing court reminded Movant that it would make its decision on probation at that time and warned him that if he were to go to prison "and screw up, get a bunch of conduct violations, [he could] be assured that [he was] not going to get out [on probation at the end of the program]. There'll be no misunderstanding in that regard." Movant was then delivered to the DOC on December 8, 2008.

Thereafter, the DOC provided its recommendation report to the sentencing court on March 5, 2009. The report indicated that Movant incurred one conduct violation for being "observed out of his living area with his lock unsecured off of his footlocker" and he was punished with "EXTRA DUTY." Despite the noted violation, the DOC Board of Probation and Parole recommended that Movant be released from incarceration and placed on probation beginning on April 7, 2009. The sentencing court then scheduled a hearing on the matter for March 18, 2009.

---

1. All rule references are to Missouri Court Rules (2010).

2. Unless otherwise stated, all statutory references are to RSMo Cum.Supp.2006.

3. These charges arose from an incident occurring in August of 2008, when Movant was seventeen years old, in which Movant and an accomplice, Kieffer Richmond ("Mr. Richmond"), broke into the victim's home, immobilized him, and assaulted him with a metal bar. Mr. Richmond and Movant both pled guilty and were sentenced as part of the same plea and sentencing hearing.

Neither Movant nor his counsel made an appearance at the March 18, 2009, hearing. Indeed, the docket is devoid of a showing that either Movant or his counsel had been notified of the hearing. The State recommended to the sentencing court that Movant not be released on probation due to the previously made impact statements by the victim, his family, and his counselor as well as the fact that Movant failed to "follow the rules and the structure" of the DOC by receiving a conduct violation. As a result of this recommendation, the sentencing court found that Movant "had conduct violations while under the [section] 559.115 [incarceration], [he was] cautioned regarding same, and the [c]ourt finds it would be an abuse of discretion to release [him] under [section 559.115]." Accordingly, Movant's probationary release was denied and his nineteen year sentence was ordered to be executed.[4]

Movant timely filed a *pro se* motion for postconviction relief and, following the appointment of counsel, an amended Rule 24.035 motion was filed. In this motion he claimed, among other things, that he "was denied due process of law in that the [sentencing c]ourt failed to comply with the requirements of [section] 559.115 and conduct the final hearing on [M]ovant's release ... within 120 days of [M]ovant's sentence." He admitted that the March 18, 2009, hearing itself was timely under section 559.115, but he argued the April 6, 2009, hearing held by Judge Parker "nullified the hearing and findings of March 18, 2009," such that the court "was without jurisdiction to deny probation release." He maintained that because his section 559.115 "status hearing and denial [were] not conducted within the statutory time limits, [he] is entitled to be placed on judicial probation." On April 27, 2010, the motion court held an evidentiary hearing solely on the issue framed above relating to the potential statutory time limit violation of section 559.115. Following the evidentiary hearing, the motion court denied Movant's request for postconviction relief.

▪ Now in his sole point relied on Movant asserts the motion court clearly erred in denying his request for postconviction relief pursuant to Rule 24.035 because he "was denied due process when the sentencing court failed to comply with the requirements of the 120–day shock incarceration program under [section] 559.115, and conduct the final hearing regarding [Movant's] release from prison within 120 days of [Movant's] sentence. . . ." He maintains his constitutional due process rights were violated

in that [his] [section] 559.115 report from DOC recommended that [Movant] be released from probation; [section] 559.115.3 requires that [Movant] be granted probation under such circum-

4. The record further shows that two days later the sentencing court made a docket entry assigning the case to the Honorable Kelly Parker ("Judge Parker") "for hearing additional [section] 559.115 evidence." Apparently, this resulted from a request by Movant's mother who had contacted the sentencing court and asked for an opportunity to present additional evidence on behalf of Movant.

Judge Parker then held a hearing on April 6, 2009. At this hearing, Judge Parker took judicial notice of the underlying file and the victim testified as to his concerns were Movant to be released from prison. Movant's mother appeared on his behalf and informed the court that Movant was remorseful; had completed his GED while incarcerated; had undergone treatment for substance abuse and anger management; posed no danger to the victim; was engaged to be married to the mother of his seven-month-old child; and had done well in the shock incarceration program as a whole. After hearing this additional evidence and reviewing the file, Judge Parker concluded that it "would be an abuse of discretion to release [Movant]" and again ordered his sentence to be executed.

stances unless the court conducts a hearing within 120–days of sentencing and determines that probation is not appropriate; the first hearing did not qualify because it was an *ex parte* hearing that was not attended by [Movant] or counsel *because [Movant] was not given notice of that hearing,* and two days after that *ex parte* hearing, the [sentencing] court reset the matter on a later date before another judge, thus nullifying the hearing; and the second hearing did not qualify because it was after the 120–days, and it was heard by a judge who had already been disqualified in the case.

(Emphasis added.)

Citing to *Prewitt v. State,* 191 S.W.3d 709 (Mo.App.2006), the State argues that we need not address the specific issue on appeal because Movant's motion failed to state a cognizable claim under Rule 24.035. We agree.

■ Rule 24.035 provides in relevant part:

[a] person convicted of a felony on a plea of guilty and delivered to the custody of the [DOC] who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pur-

suant to the provisions of this Rule 24.035.

"This rule only allows 'challenges to the validity of judgments or sentences, and then only on specified grounds.'" *Prewitt,* 191 S.W.3d at 711 (quoting *Teter v. State,* 893 S.W.2d 405, 405 (Mo.App.1995)). Here, as with the movant in *Prewitt,* Movant does not seek to challenge the validity of his conviction nor does he challenge the jurisdiction[5] or statutory authority of the sentencing court to impose the total of nineteen years imprisonment originally ordered. Rather, Movant maintains the sentencing court failed to comply with the requirements of section 559.115 by not giving him notice of a hearing within 120 days; hence, the first hearing did not comport with the requirements of section 559.115.3. He argues that because the trial court reset the matter to a later date "before another judge" this had the effect of nullifying the first hearing and the second hearing failed to qualify because it took place after 120 days of sentencing and was heard by a judge who had previously been disqualified in the case.

■ Save for certain exceptions not applicable here, *see Stelljes v. State,* 72 S.W.3d 196, 199 (Mo.App.2002), probation determinations are typically "not subject to challenge in a Rule 24.035 motion or on direct appeal." *Prewitt,* 191 S.W.3d at 711. "An attack on a probation ruling does not constitute a challenge to a sentence and is, therefore, beyond the scope of a Rule 24.035 proceeding." *Id.; see State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994) (holding that probation is

---

**5.** As explained in *Starry v. State,* 318 S.W.3d 780, 782, n. 5 (Mo.App.2010):

Though the cited cases use the word 'jurisdiction,' we read them in light of *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), to be that the court has exceeded its statutory authority. *Id.* at 253 (making clear that prior cases labeling

mere error to be 'jurisdictional' no longer should be followed as there are only two types of jurisdiction in Missouri state courts: personal and subject matter.).' *State ex rel. Whittenhall v. Conklin,* 294 S.W.3d 106, 108, n. 2 (Mo.App. S.D. 2009).[The] proper 'claim is that the court exceeded statutory authority.' *Id.*

not part of the sentence and consequently, there is no right to appeal a trial court's decision to grant or deny probation). Accordingly, based on Movant's contentions that the trial court misapplied section 559.115.3, Movant's postconviction relief motion failed on that basis to state a claim cognizable under Rule 24.035.[6] Therefore, the "procedural means for contesting his probation denial is through an appropriate writ."[7]  *Id.*; *State v. Burnett,* 72 S.W.3d 212, 214 (Mo.App.2002).

We reverse and remand with directions for the motion court to amend its judgment to reflect a dismissal of that part of Movant's Rule 24.035 motion relating to the instant claim on the basis that the claim is not cognizable in a postconviction relief motion and to reflect a denial of all of Movant's remaining claims in his Rule 24.035 motion.

LYNCH and BURRELL, JJ., concur.

**6.** We note that *Spears v. State,* 181 S.W.3d 239 (Mo.App.2005), is distinguishable from the instant matter. In *Spears,* the movant's claims focused on a purported violation of a negotiated plea bargain which the movant contended entitled him to withdraw his plea of guilty. *Id.* at 240–41. The motion court found that the opportunity for release after 120 days incarceration was not a part of the movant's negotiated plea agreement. *Id.* at 242. Additionally, the movant's claim in *Spears* relating to his sentencing court not conducting a hearing within the time prescribed by section 559.115 was not reviewed on appeal due to the movant's failure to assert this claim in his Rule 24.035 motion. *Id.* at 243.

**7.** *See State ex rel. Mertens v. Brown,* 198 S.W.3d 616 (Mo. banc 2006); *State ex rel. Dorsey v. Wilson,* 263 S.W.3d 790 (Mo.App. 2008).