

# Missouri Court of Appeals

## Southern District

### Division Two

JAMES DAY,                                    )
                                              )
                    Appellant,                )
                                              )
        vs.                                   )        No. SD33756
                                              )        Filed:  April 14, 2016
STATE OF MISSOURI,                            )
                                              )
                    Respondent.               )


APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Scott T. Horman, Associate Circuit Judge

## **AFFIRMED**

James Day ("Day") appeals from the judgment of the motion court denying his amended Rule 29.15[1] motion to set aside his convictions of one count of statutory sodomy in the first degree, pursuant to section 566.062, and one count of child molestation in the first degree, pursuant to section 566.067.[2]  Day challenges the judgment of the motion court in six points. Finding no merit to any of Day's points, we affirm the judgment of the motion court.

---

[1] All rule references are to Missouri Court Rules (2015).
[2] All references to section 566.062 are to RSMo Cum.Supp. (2006).  All other references to statutes are to RSMo 2000.

**Factual and Procedural Background**

We set forth only those facts necessary to complete our review. In doing so, we view the evidence in the light most favorable to the motion court's judgment. *McCauley v. State*, 380 S.W.3d 657, 659 (Mo.App. S.D. 2012).

Day was originally indicted on four counts: first-degree statutory sodomy (Count I – "deviant sexual intercourse with A.[S.]"),[3] pursuant to section 566.062;[4] furnishing pornographic materials to minor (Count II – A.S.), pursuant to section 573.040; first-degree statutory sodomy (Count III - deviant sexual intercourse with E.R.), pursuant to section 566.062; and furnishing pornographic materials to minor (Count IV – E.R.), pursuant to section 573.040.

Day was tried before a jury on August 31, 2006, but the jury was unable to reach a verdict and the case resulted in a mistrial.

A new jury trial was scheduled for February 20, 2008. On February 19, 2008, the State filed an "Information in Lieu of Indictment" removing Count IV, and changing Count II (furnishing pornographic materials to minor A.S.) from a class D felony to a class A misdemeanor. Day was found guilty on Counts I and III, but not guilty on Count II.

On March 14, 2008, Day filed a motion for new trial as to Count I, which the trial court granted due to instructional error.[5] Day was sentenced to 10 years' imprisonment on Count III.

---

[3] We believe "A.H." to be a typographical error in the initial "Indictment for Felony" as to this victim. The record reveals that in the "Information in Lieu of Indictment" and in the "Amended Information for Felony," "A.H." has been replaced with "A.S." The jury instructions and jury verdicts all set forth this victim as being "A.S." Thus, we refer to this victim in this opinion as "A.S."

[4] Section 566.062, RSMo Cum.Supp. (2006) states: "A person commits the crime of statutory sodomy in the first degree if he has *deviate sexual intercourse* with another person who is less than fourteen years old." (Emphasis added).

[5] The trial court granted Day's motion for new trial as to Count I because the trial court found that Instruction No. 5 required the jury to find Day guilty of Count I if they believed beyond a reasonable doubt that Day had "deviate sexual intercourse with [A.S.] *by rubbing her breast with his hand*." Instruction No. 8 defined "deviate sexual intercourse" as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger instrument or object[.]" Thus, by definition, touching a female breast with one's hand was not deviate sexual intercourse, as required under section 566.020.

On December 10, 2008, Day was re-tried before a jury on Count I, which had been reduced by amended information from statutory sodomy in the first degree to the class B felony of child molestation in the first degree—subjecting A.S. to sexual contact—pursuant to section 566.067. The jury found Day guilty of child molestation in the first degree, and the trial court sentenced Day to seven years' imprisonment, with this sentence to run consecutively to the sentence previously imposed on Count III.

Day appealed his convictions and this Court affirmed Day's convictions and sentences on direct appeal by memorandum opinion in *State v. Day*, Nos. SD29649 and SD29679 (consolidated). Mandate was issued on September 2, 2010.

Day filed a timely Rule 29.15 *pro se* motion on November 30, 2010. Appointed counsel for Day filed an entry of appearance on December 16, 2010. The trial court granted a thirty-day extension of time, permitted by Rule 29.15(g), so that Day's amended motion was due by March 16, 2011. Day's first amended motion, filed March 16, 2011, was therefore timely.[6]

On November 20, 2012, the motion court held an evidentiary hearing. Three of Day's attorneys testified at the hearing, with Day's testimony admitted by deposition.

On February 5, 2015, the motion court denied Day's post-conviction motion. This appeal followed.

Day asserts six points on appeal, but conceded in oral argument that only Points II, V, and VI are arguably preserved for appeal. Those points assert:

II.     The trial court clearly erred in denying Appellant relief because trial counsel Susan Warren was ineffective for failing to move for judgment of acquittal on Count I after the State's opening statement during the February 2008 trial and Appellant was thereby prejudiced.

---

[6] Day was granted leave to file a second amended motion, which was filed on April 24, 2012. It was untimely and Day concedes this fact and agrees that our review is for any issues presented by the timely first amended motion.

3

V.      Susan Warren was ineffective for failing to move for acquittal as a matter of law on Count I after the jury verdict in the February 2008 trial and Appellant was thereby prejudiced.

VI.     The trial court erred in denying Appellant relief because Daniel Moore was ineffective for failing to move to dismiss Count I prior to the December 2008 trial on double jeopardy grounds as the State improperly amended the charging document and Appellant was conclusively prejudiced.

The State, in its response to Day's Points I through VI, contends that this Court "should not review Mr. Day's claims because they were not alleged in a timely filed amended motion."

In oral argument, Day's counsel pointed to paragraph 8(a)(iv)[7] of Day's first amended motion as support for the suggestion that these points are preserved. We recite paragraph 8(a)(iv) *in toto*:

> Counsel was ineffective in failing to request a lesser-included jury instruction for first-degree child molestation. *See* ***Becker v. State***, 260 S.W.3d 905 (Mo.App. E.D. 2008). Counsel proceeded to trial, though an examination of RSMo. § 566.062 would have revealed that on the basis of the alleged evidence, Movant was improperly charged as to Count I, because the touching of a female breast is not included within the definition of statutory sodomy, but rather, is explicitly included in the definition of child molestation. Movant was greatly prejudiced thereby, as he was subjected to a retrial of Count I for that very error. The resulting guilty verdict resulted in a consecutive term of imprisonment, rather than concurrent terms, had Movant been sentenced to the two convictions within the same proceeding.

(internal citations to the record omitted).

The State contends, and we agree, that none of Day's points are contained in paragraph 8(a)(iv), or anywhere in Day's first amended motion. Claims not properly raised in a Rule 29.15 motion are waived on appeal. ***Dorsey v. State***, 448 S.W.3d 276, 284 (Mo. banc 2014). Claims are waived where they are not directly presented in the motion for post-conviction relief—the presentation of evidence otherwise relevant to a claim does not preserve other possible claims

---

[7] This section is presented as 8(a)(iii) in the first amended motion, but the designation appears to be a typo as the preceding subsection is also designated 8(a)(iii).

relevant to that evidence, but not directly presented in the post-conviction motion. ***Id.*** at 285. "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." ***Id.*** at 284 (internal quotation and citation omitted).

The judgment of the motion court is affirmed.


WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS