WILLIAM W. FRANCIS, JR., J.
Melvin Green ("Green") appeals from the judgment of the motion court, following an evidentiary hearing denying his amended Rule 29.15[1] motion to set aside his convictions for attempted forcible rape, two counts of forcible sodomy, and three counts of first-degree robbery. In one point on appeal, Green asserts the motion court clearly erred in denying his post-conviction motion when it found Green's testimony regarding prejudice not credible. Because the motion court's denial of Green's Rule 29.15 motion was not clearly erroneous, we affirm.
Facts and Procedural Background
In reciting the facts of this matter, we view the evidence in the light most favorable to the motion court's judgment. Day v. State , 495 S.W.3d 773, 774 (Mo. App. S.D. 2016). We include only those facts necessary to our disposition, and as necessary for context.
On December 22, 1995, Green broke into an apartment occupied by two sisters, R.E. and S.E., who were staying with their brother, N.E., who was asleep in another room. Green robbed the sisters, threatened to kill them with a gun, and sexually assaulted them. Green also stole money from N.E. A pair of shorts, a pair of underwear, and a bed sheet were collected at the scene and tested positive for the presence of semen. Even though police had DNA, they were unable to identify the perpetrator until July 2006.
In July 2006, Springfield police received a "hit" from a national DNA indexing system, indicating that the DNA profile developed from evidence seized at the scene was associated with Green's DNA profile recently entered into the system in Illinois.
In early August 2006, a Springfield detective traveled to Illinois and served a search warrant on Green to obtain a buccal swab for further DNA analysis. Green was not arrested at that time. At the end of August 2006, the DNA analysis revealed *801 that Green could not be eliminated as a match when his DNA profile was compared to the DNA profile from the shorts and a bed sheet obtained from the crime scene.
On December 27, 2006, a felony complaint was issued in Greene County against Green, but Green was already incarcerated in Illinois as a result of separate pending charges there. On September 27, 2007, while still incarcerated in Illinois, Green filed a "Speedy Trial Demand and Motion for Writ of Habeas Corpus" in his Greene County case.
Green was located and arrested on March 9, 2009, and charged by amended information with one count of attempted forcible rape, two counts of forcible sodomy, and three counts of first-degree robbery.
On August 25, 2010, Green filed a "Motion to Dismiss for Violation of Defendant's Right to Speedy Trial" asserting violations of "the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Article One, Sections 10, 18(a), and 21 of the Missouri State Constitution and [section] 545.780[.]"[2]
At an evidentiary hearing on October 12, 2010, Green testified as to how the length of his pre-trial incarceration had personally affected him, including the possibility of termination of his parental rights to his children in Illinois, the damage to his relationship with his children, his loss of 60 pounds due to stress, the loss of a business, and the loss of all of his possessions. Green stated his goal in filing his demand for speedy trial was to get the Illinois and Missouri cases "going at the same time[,]" so he could get concurrent time or credit for the time he had spent in jail. The trial court denied Green's motion.
Following a bench trial commencing on October 19, 2010, Green was convicted of one count of forcible rape, two counts of statutory sodomy, and three counts of first degree robbery. The trial court sentenced Green to consecutive life sentences on each count. Following the motion court's denial of Green's post-trial motion, this Court affirmed Green's convictions and sentences on direct appeal.[3]
On October 26, 2012, Green timely filed his pro se "Motion to Vacate, Set Aside, or Correct the Judgment and Sentence," and appointed counsel timely filed an amended motion thereafter.[4] The amended motion *802 asserted, in relevant part, that trial counsel failed to "adduce evidence supporting [Green]'s motion to dismiss as to why he was prejudiced by the delay in his case going to trial." Green asserted trial counsel would not allow him to assist in trial preparations, and that there were three missing pieces of evidence that "could have been used as a valuable source of impeachment,"-the initial 911 tape of a call made at 4:30 a.m. on December 22, 1995, and two medical reports of the physical examinations of S.E. and R.E. Green "believe[d] the absence of this evidence prejudiced his defense because it could have been used as a valuable source of impeachment[,]" and that had this "evidence been adduced at the hearing, ... there [was] a reasonable probability that the trial court would have granted the Motion to Dismiss or in the alternative, the Court of Appeals would have found prejudice to [Green]'s defense resulting in a different outcome."
An evidentiary hearing was held on January 21, 2015.[5] Green testified that there was an unconstitutional delay in this matter that caused various problems in his defense at trial. Green testified that the delay caused certain pieces of favorable evidence-specifically, for use in impeachment-went missing during the delays, including: (1) "police reports," (2) the "DNA analytical report," (3) "the fact that they had three different people as suspects for this case," (4) "they didn't preserve any other DNA for further testing[,]" (5) the lack of a "differential extraction to show that there was no mixture" of his and the victim's DNA, (6) there was "no video or no paper that I signed saying that I confessed" to the detective, (7) no notes from the detective's interview which the detective destroyed afterwards, (8) the 911 call tapes, (9) six crime scene photos, (10) medical reports of the victims, specifically, the triage notes of S.E., (11) N.E.'s post assault report was missing, (12) the FBI sexual assault questionnaire was missing, and (13) and the lab technician's report was missing.[6] Green testified he believed that were this evidence available at trial, the outcome would have been different. Green further testified that defense counsel failed to adduce evidence as to these harms in the evidentiary hearing on Green's speedy-trial motion.
Green stated that although defense counsel gave him several opportunities to testify about potential prejudice at the motion to dismiss hearing, he was restricted *803 in that testimony due to defense counsel instructing him to testify to matters only as dictated by defense counsel.
On March 23, 2017, the motion court entered its "Order Denying [Green]'s Motion to Vacate, Set Aside or Correct Judgment and Sentence under Rule 29.15." The motion court specifically found that Green's testimony-the evidentiary basis of his Rule 29.15 claim-was not credible. This appeal followed.
In one point on appeal, Green argues that the motion court clearly erred in denying his Rule 29.15 motion because the motion court's "rationale for finding [ ] Green not credible overlooked material facts and law."
Standard of Review
This Court will affirm a motion court's judgment denying postconviction relief unless its 'findings and conclusions are clearly erroneous.' Rule 29.15(k); Johnson v. State , 406 S.W.3d 892, 898 (Mo. banc 2013). A motion court's findings are presumed correct, and its judgment is clearly erroneous 'only if this Court is left with a definite and firm impression that a mistake has been made.' Id.
To prevail on a claim for ineffective assistance of counsel, a postconviction movant must prove by a preponderance of the evidence that counsel's performance failed to meet the test in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland , a movant must establish (1) counsel failed to exercise the degree of skill and diligence that a reasonably competent attorney would in a similar situation and (2) the movant was prejudiced. Id. at 687, 104 S.Ct. 2052 ; Johnson , 406 S.W.3d at 898-99.
Collings v. State , SC96118, 543 S.W.3d 1, 8, 2018 WL 1164010, at *3 (Mo. banc Mar. 6, 2018).
"This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." Davis v. State , 486 S.W.3d 898, 905 (Mo. banc 2016) (internal quotation and citation omitted). "The motion court's rejection of certain witness testimony as non-credible goes to whether Movant met his burden of demonstrating a claim for relief[.]" Id. at n.2 (internal quotations and citations omitted).
Analysis
Green's sole point relied on claims the motion court clearly erred in rejecting his Rule 29.15 motion, in that the court's finding that Green was not credible "because credibility findings are subject to the clearly erroneous standard, in that the trial court's rationale for finding Mr. Green not credible overlooked material facts and law."
Green suggests that this Court should determine that the motion court's credibility findings were clearly erroneous, that we should reverse the motion court's judgment, "remand this case back to the motion court for additional findings, reopen the criminal case to hold another speedy trial hearing, or any other relief ... appropriate."
This Court's standard of review accords narrow authority to countermand the motion court's judgment. Collings , 543 S.W.3d at 7-8, 2018 WL 1164010, at *3 ; Davis , 486 S.W.3d at 905 & n.2. Green's misapprehension of this authority directly, and necessarily, implicates our disposition as to his sole point relied on.
Green had the burden of proof-that is, of production and persuasion-in his Rule 29.15 motion hearing. See Davis , 486 S.W.3d at 905 & n.2. The motion court found that Green's testimony (i.e. , the evidentiary basis of his Rule 29.15 motion)
*804 was not credible. In other words, regardless of the extent to which Green did (or did not) satisfy his burden of production , Green failed in his burden of persuasion. Green now suggests that we convict the motion court of clear error for not believing his testimony. The motion court had the right to disbelieve Green's testimony, and did so. Our standard of review does not authorize us to second guess the first-hand credibility determinations of the motion court-nor will we do so here. See Collings , 543 S.W.3d at 7-8, 2018 WL 1164010, at *3 ; Davis , 486 S.W.3d at 905 & n.2. The trial court did not clearly err in finding Green's testimony not credible and rejecting his Rule 29.15 motion for post-conviction relief.
Point denied. The judgment of the motion court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-Concurs
JEFFREY W. BATES, J.-Concurs

All rule references are to Missouri Court Rules (2017).

All references to statutes are to RSMo 2000, unless otherwise indicated.

A more extensive recitation of the underlying facts in this matter may be found in our treatment of Green's direct appeal in State v. Green , 389 S.W.3d 684 (Mo. App. S.D. 2012). There, Green asserted in his appeal that the trial court erred in overruling his speedy trial motion because there was "a forty month delay from the time he filed his demand for speedy trial and a nineteen month delay from the time he was arrested after his return to Missouri" before he was brought to trial, and that "prejudice is presumed based on the inordinate delay in bringing [Green] to trial despite his request for a speedy trial." Id. at 689. This Court denied a claim that Green's Sixth Amendment right to a speedy trial was violated, holding, in relevant part, that Green failed to demonstrate that his defense was actually impaired by the delay, finding:
[Green] does not claim that any evidence was lost, that any witnesses became unavailable, or that he suffered any other such impediment as a result of the delay at issue here. In fact, Green's own stated goal in filing his demand for a speedy trial was to get concurrent time on the cases or credit for time spent in jail, not to advance or protect his trial strategy.
Id. at 692.

Pursuant to Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015), this Court must examine whether the motion for post-conviction relief was timely filed even if the issue is not raised by the parties. Because Green filed a direct appeal, his pro se motion was due within 90 days from the date the mandate was issued in his direct appeal. See Rule 29.15b. The mandate in Green's direct appeal was issued on September 4, 2012, and Green filed his pro se motion for post-conviction relief on October 26, 2012. Thus, Green's pro se motion was timely filed. Post-conviction counsel was appointed on November 27, 2012, and granted a 30-day extension on December 7, 2012. The amended motion was due on February 25, 2013, and was timely filed on January 28, 2013.

The motion court took judicial notice of the underlying criminal file.

Green's amended motion only mentioned the initial 911 tape of a call made at 4:30 a.m. on December 22, 1995, and two medical reports of the physical examinations of S.E. and R.E. While not directly necessary to our disposition, for clarity, we nevertheless observe that
[c]laims are waived where they are not directly presented in the motion for post-conviction relief-the presentation of evidence otherwise relevant to a claim does not preserve other possible claims relevant to that evidence, but not directly presented in the post-conviction motion. Pleading defects cannot be remedied by the presentation of evidence and [later] refinement of a claim[.]
Day v. State , 495 S.W.3d 773, 776 (Mo. App. S.D. 2016) (internal quotations and citations omitted).