WILLIAM W. FRANCIS, JR., J.
In this appeal, Joshua Daniel Hewitt ("Hewitt") challenges the judgment of the motion court following an evidentiary hearing denying his amended Rule 24.035[1] motion to set aside his convictions for tampering with a motor vehicle and forgery. Because the motion court's denial of Hewitt's Rule 24.035 motion was not clearly erroneous, we affirm.[2]
Facts and Procedural Background
In reciting the facts of this matter, we view the evidence in the light most favorable to the motion court's judgment. Day v. State , 495 S.W.3d 773, 774 (Mo. App. S.D. 2016). We include only those facts necessary to our disposition, and as necessary for context.
Hewitt was charged with tampering with a motor vehicle[3] in Case No. 12SO-CR00150-01, and the class C felony of forgery[4] in Case No. 12SO-CR00472-01.
A plea hearing was held on July 17, 2012. Hewitt pled guilty to both charges and his plea was accepted by the plea court. The plea court acknowledged Hewitt's *393 plea agreement with the State, which specified consecutive sentences of imprisonment in the Department of Corrections ("DOC") of four years for tampering, and seven years for forgery.
On July 18, 2012, the sentencing court imposed sentence in accord with the plea agreement. The court suspended execution of the sentences and placed Hewitt on probation for five years, conditioned on Hewitt's successful completion of in-patient drug treatment, drug court, and other probation conditions.
Hewitt violated his probation conditions, and admitted it at a probation revocation hearing on April 9, 2013. Hewitt's counsel requested "some sort of institutional treatment whether it be 120 or long term." The trial court executed Hewitt's sentences, reminding him: "we put you in the drug court, ... [a]nd I gave you that opportunity." Hewitt was delivered to the DOC on May 3, 2013.
Hewitt timely filed a Rule 24.035 "Motion to Vacate, Set Aside, or Correct the Judgment or Sentence." An amended motion was thereafter filed on July 6, 2015, and accepted as timely by the motion court.
The amended motion asserted plea counsel was ineffective for failing to explain what "consecutive sentences" meant, and that Hewitt would be required to serve a minimum of 80 percent of his sentences. Hewitt also asserted that the trial court erred in not placing him into the "long-term treatment program under Mo. Rev. Stat. § 217.362 because it thought [Hewitt] was ineligible."
An evidentiary hearing was held on January 11, 2016. Plea counsel testified that she explained to Hewitt the meaning of "consecutive sentences" prior to the guilty plea, and that she believed Hewitt understood because he used the term "[s]even and four run wild," commonly used by offenders to describe consecutive sentences.
Hewitt testified plea counsel never explained the meaning of consecutive sentences. He stated that he did not know the meaning of consecutive sentences, despite serving time in the DOC three previous times. Hewitt admitted familiarity with the "little blue book" he received upon incarceration, and that it explains consecutive sentences. Hewitt posited that he had "never been sentenced to a consecutive sentence so [he] didn't really care to study into it." He admitted that he was "not stupid[, and if he had] really paid attention to what was going on [he] would have known[.]"
On February 26, 2016, the motion court issued its "Judgment and Findings of Fact and Conclusions of Law," denying Hewitt's post-conviction motion. This appeal followed.
In three points, Hewitt asserts the motion court clearly erred in rejecting his Rule 24.035 motion for the reasons that plea counsel failed to advise Hewitt that he would have to serve 80 percent of his sentences, that the sentences would run consecutively, and because the "sentencing court"[5] incorrectly believed Hewitt was not eligible for drug treatment.
Standard of Review
Appellate review of judgments disposing of Rule 24.035 motions is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Findings and conclusions *394 are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made.
Milner , 551 S.W.3d at 478 (internal quotations and citations omitted).
Analysis
Points I & II: Eighty-Percent Requirement and Consecutive Sentences
We combine Hewitt's first and second points for ease of analysis. In those points, Hewitt argues that the motion court clearly erred in rejecting his Rule 24.035 motion because plea counsel failed to advise Hewitt that he would have to serve 80 percent of his sentences, and that the sentences would run consecutively.
The motion court found that Hewitt understood his sentences would run consecutively, and understood what consecutively meant. It credited plea counsel's testimony that she explained the meaning of consecutive sentences, and that Hewitt understood. Hewitt's testimony to the contrary was not credited. "Regardless of the extent to which [Hewitt] did (or did not) satisfy his burden of production, [Hewitt] failed in his burden of persuasion." Berry v. State , 551 S.W.3d 102, 108 (Mo. App. S.D. 2018).
The motion court, "[a]s the trier of fact, ... determines the credibility of witnesses and is free to believe or disbelieve all or part of the witnesses' testimony." Zink v. State , 278 S.W.3d 170, 192 (Mo. banc 2009) (internal quotation and citation omitted). "The motion court's rejection of certain witness testimony as non-credible goes to whether Movant met his burden of demonstrating a claim for relief[.]" Davis v. State , 486 S.W.3d 898, 905 n.2 (Mo. banc 2016). The motion court had the authority to believe plea counsel, and disbelieve Hewitt. The motion court did so, correctly found that Hewitt failed to meet his burden, and Hewitt fails to demonstrate that the motion court clearly erred thereby.
As to the 80-percent requirement, plea counsel's credited testimony was that she did not advise Hewitt regarding parole eligibility. The motion court correctly found that plea counsel had no duty to advise Hewitt as to this collateral consequence of his guilty plea. See Webb v. State , 334 S.W.3d 126, 129-30 (Mo. banc 2011). The motion court did not clearly err when it correctly applied the law to the credited evidence. Points I and II are denied.
Point III: Drug Treatment
In his third point, Hewitt argues that the motion court clearly erred in rejecting his Rule 24.035 motion because the "sentencing court" incorrectly understood him to be ineligible for drug treatment in lieu of incarceration.
The motion court rejected this argument on the basis that it was not presented at any point in the motion hearing. Hewitt's brief argues that the sentencing transcript was judicially noticed into evidence at the motion hearing. He mistakenly attempts to rely on the following comment from the trial court at the probation revocation hearing: "The problem is ... I'm not sure that he qualifies for ... the long-term treatment portion."
The State correctly points out that this challenge is not authorized under Rule 24.035. Hewitt challenges the trial court's ruling at a probation revocation hearing, whereby the trial court executed the previously imposed sentence (rejecting long-term drug treatment). Subject to exceptions not applicable here, see *395 Stelljes v. State , 72 S.W.3d 196, 199 (Mo. App. W.D. 2002), "probation determinations are typically not subject to challenge in a Rule 24.035 motion or on direct appeal." Counts v. State , 341 S.W.3d 911, 914 (Mo. App. S.D. 2011) (internal quotation and citation omitted).[6] "[T]he procedural means for contesting [movant's] probation denial is through an appropriate writ." Id. at 915 (internal quotation and citation omitted).[7]
The motion court did not clearly err in rejecting Hewitt's Rule 24.035 challenge to the trial court's probation revocation ruling. Point III is denied.
The judgment of the motion court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-Concurs
JEFFREY W. BATES, J.-Concurs

All rule references are to Missouri Court Rules (2018).

In Hewitt v. State , SD35134, 2018 WL 2213653 (Mo. App. S.D. May 15, 2018), this Court reversed the motion court's judgment and ordered it to follow our Opinion and Mandate in Hewitt v. State , 518 S.W.3d 227 (Mo. App. S.D. 2017) -i.e. , that it appoint new counsel for Hewitt since abandonment by counsel was found. Our Supreme Court granted transfer on August 21, 2018 (SC97247), and "retransferred to the Missouri Court of Appeals, Southern District, for reconsideration in light of Clennell Sanders, Appellant, vs. State of Missouri, Respondent, 807 S.W.2d 493 (Mo. banc 1991), and Lowell Clyde Milner, Appellant, vs. State of Missouri, Respondent, [551 S.W.3d 476 (Mo. banc 2018) ]." Having reconsidered the matter, we discern that re-appointment was not necessary in light of the cases set out in the re-transfer Order, and the facts set out in the prior Hewitt opinions. Accordingly, we now review Hewitt's appeal on the merits.

Section 569.080. Statutory references are RSMo Cum.Supp. 2011, unless otherwise indicated.

Section 570.090.

Hewitt (inaccurately) uses the term "sentencing court." The proceedings indicated were at his probation revocation hearing.

See State v. Williams , 871 S.W.2d 450, 452 (Mo. banc 1994) ("Probation is not part of the sentence."); see also Rule 24.035 (authorizing, in relevant part, post-conviction challenges to the "conviction or sentence ") (emphasis added).

Ex gratia , we observe that Hewitt's claim would be unavailing even if his current challenge were authorized. It is the challenging party's "burden to establish the circuit court based its sentence on a mistaken belief, not merely that it held such a belief." State v. Pierce , 548 S.W.3d 900, 906 (Mo. banc 2018) ; see State v. Perry , 548 S.W.3d 292, 301 (Mo. banc 2018). When counsel and Hewitt expressed displeasure to the trial court that Hewitt would not be sent to long-term drug treatment, the trial court stated: "You know, we [previously] put you in the drug court, Mr. Hewitt, and my experience has been that that's better than-than the institutional treatment in the Department of Corrections. And I gave you that opportunity so I'm going to order those sentences. That's what I've decided to do." In other words, the trial court's execution of sentence was based on Hewitt's failure to comply with the terms of past drug treatment, and other violations of his probation. This does not evince that the trial court's ruling was based on a mistaken belief.